**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BELINDA L. WILLIAMS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:20-cv-00203 |
| FIRST CREDIT SERVICES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

**NOW COMES** Belinda L. Williams ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, First Credit Services, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Bankruptcy Automatic Stay pursuant to 11 U.S.C. §362(k)(1).

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Texas, Defendant conducts business in the Eastern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of Texas.

5. Defendant is a third-party debt collection agency headquartered at 9 Wills Way Piscataway, New Jersey 08854. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

**FACTS SUPPORTING CAUSE OF ACTION**

6. In 2019, Plaintiff incurred a debt relating to her fitness center membership with Fitness Connection – Dallas ("subject debt").

7. Subsequently thereafter, the subject debt was acquired by Defendant after it was in default for collection purposes.

8. On December 4, 2019, Plaintiff filed a Chapter 7 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of Texas, Case Number 19-43287. *See* attached Exhibit A, a true and correct copy of the relevant portions of Plaintiff's Chapter 7 Voluntary Bankruptcy Petition.

9. In Schedule E/F of her Bankruptcy Petition, Plaintiff listed Fitness Connection as having a claim for the subject debt in the amount of $22.00.

10. Upon the filing of Plaintiff's Bankruptcy Petition and by virtue of listing Fitness Connection as a creditor, the Bankruptcy Noticing Center ("BNC") served Fitness Connection with notice of Plaintiff's Bankruptcy filing.

11. During the pendency of Plaintiff's Bankruptcy and despite having actual knowledge of Plaintiff's Bankruptcy filing, Plaintiff received a collection letter ("Collection Letter") from First

Credit Services, Inc. dated February 28, 2020. *See* attached Exhibit B, a true and correct copy of the collection letter sent to Plaintiff.

12. The Collection Letter, which was issued to Plaintiff after the filing of Plaintiff's Chapter 7 Voluntary Bankruptcy Petition and notice of Plaintiff's Bankruptcy filing.

13. Section 362(a)(6), commonly known as the automatic stay provision, prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

14. Defendant knew or should have known that the subject debt was uncollectable as a matter of law.

15. Upon information and believe, Defendant has no system in place to identify and cease debts included in Bankruptcy.

16. As a result of Defendant's actions and inactions, Plaintiff has expended time consulting with her attorneys as a result of Defendant's deceptive collection actions.

## DAMAGES

17. Concerned about the violations of her rights and protections afforded by virtue of filing the instant Chapter 7 case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

18. Plaintiff has suffered from emotional distress, mental anguish, and anxiety as a direct result of Defendant's unlawful collection practices.

19. Defendant's harassing collection practices have severely disrupted Plaintiff's daily life and general well-being.

20. Moreover, Plaintiff was deceived into believing that her bankruptcy filing had no legal effect and that she would have to pay the subject debt in order to get Defendant's collection activities to stop.

21. Plaintiff was unduly inconvenienced by Defendant's unlawful attempt to collect on a debt that was no longer owed by virtue of Plaintiff's bankruptcy filing.

22. Plaintiff has been forced to retain counsel and end Defendant's unlawful collection activities and has incurred expenses in the form of legal fees and costs

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the medical services are the subject of the transaction and is primarily used for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail to collect delinquent consumer accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

28. Defendant violated 15 U.S.C. §§1692e(2) and e(10) through its unlawful debt collection practices.

29. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, and legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment due to the Plaintiff's Chapter 7 bankruptcy automatic stay.

30. Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time when the collection letter was sent as it was not owed by virtue of Plaintiff's Chapter 7 bankruptcy automatic stay.

31. Given that the underlying subject debt was duly scheduling in Plaintiff's bankruptcy, Defendant had no legal or contractual right to attempt to collect the subject debt from the Plaintiff.

32. All of Defendant's collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing.

33. Defendant, as a sophisticated creditor, should have systems and procedures in place to identify accounts in bankruptcy.

**WHEREFORE,** BELINDA L. WILLIAMS, respectfully prays this Honorable court for the following relief:

a. Declaring that the practices complaint of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## **COUNT II - VIOLATION OF THE AUTOMATIC STAY**

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. 11 U.S.C. §362(k), commonly known as the automatic stay provision prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

36. The automatic stay went into effect on December 4, 2019 by operation of Plaintiff's bankruptcy filing.

37. Defendant violated the automatic stay by sending the February 20, 2020 collection letter to Plaintiff in an attempt to collect the subject debt after the automatic stay was in effect.

38. Defendant had actual knowledge of Plaintiff's bankruptcy filing as Defendant was notified of the bankruptcy case and therefore its violation of the automatic stay was willful.

39. Defendant's vexatious conduct demonstrates that it has no system in place to protect the rights of consumers under the protection of the bankruptcy automatic stay.

40. Defendant's conduct represents a brazen disregard of the intent of the Bankruptcy Code.

41. As plead above, Plaintiff was harmed by Defendant's willful violation of the automatic stay.

42. An individual who has been injured by any willful violation of the automatic stay provisions shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(k)(1).

43. Plaintiff is entitle to punitive damages for Defendant's arrogant disregard of the Bankruptcy Code and its provisions.

**WHEREFORE**, BELINDA L. WILLIAMS, respectfully prays this Honorable court for the following relief:

a. That this Honorable Court enter an order directing Defendant to pay a sum determined by the Court to Plaintiff for actual damages for violations of 11 U.S.C. § 362(k)(1);

b. That this Honorable Court enter an order directing Defendant to pay a sum determined by the Court to Plaintiff for punitive damages for violations of 11 U.S.C. § 362(k)(1);

c. That this Honorable Court enter an order directing Defendant to pay a sum determined by the Court to Plaintiff for all reasonable legal fees and expenses incurred by her attorneys for violations of 11 U.S.C. 11 U.S.C. § 362(k)(1); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury**.


Dated: March 12, 2020                                  Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com